IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO: WDQ 13-0500** |
| | ) | |
| v. | ) | |
| | ) | |
| **KEITH JONES** | ) | |
| | ) | |
| | ) | |

**MOTION TO SUPPRESS STATEMENT OF DEFENDANT**

Defendant Keith Jones, by and through his attorney Gary E. Proctor, hereby moves this Honorable Court, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, to suppress any statements made by him.  In support of this Motion, Mr. Jones relies on the following facts, points, and authorities, and any additional facts, points, and authorities that may be raised at the hearing on this Motion.

   1.  The defendant, Keith Jones, is charged in a two count indictment with violating Federal narcotics laws.

   2.  Information provided through discovery indicates that this statement was taken in violation of Mr. Jones's Sixth Amendment right to counsel, and Fifth Amendment privilege against self incrimination and is thus inadmissible in this case.

   3.  The Due Process Clause requires that any statement given to the law enforcement be voluntary.  *Shneckloth v. Bustamonte*, 412 U.S. 218 (1973).  The burden is on the Government seeking to introduce the statement to prove by a preponderance of the evidence that the statement was given voluntarily.  *Lego v. Twomey*, 404 U.S. 477, 489

1

(1972). A challenge to the voluntariness of an admission requires this court "to determine whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution[.]" *Miller v. Fenton*, 474 U.S. 104, 112 (1985).  *See also, Schneckloth*, 412 U.S. at 225.

4. An statement is involuntary if a suspect's will has been overborne in extracting it from him. *United States v. Braxton*, 112 F.3d 717, 780 (4th Cir. 1991). Involuntariness may result from physical coercion, *Reck v. Pate*, 367 U.S. 433, 440 (1961), or psychological pressure. *United States v. Gadsden*, 215 Fed. Appx. 283, 285 (2007). The Supreme Court has made clear that "a finding of coercion need not depend upon actual violence by a government agent; a credible threat is sufficient. As we have said, coercion can be mental as well as physical." *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 206 (1960)). An evidentiary hearing in this case will demonstrate that the statements at issue resulted from unconstitutional police coercion.

5. It is well-established that law enforcement officers engaged in custodial interrogation of a suspect are required to recite a prophylactic warning advising the suspect of his option to invoke his Fifth and Sixth Amendment rights. Prior to any questioning, the suspect must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed. *Miranda v. Arizona*, 384 U.S. 436, 344-45 (1966).

6. Whenever custodial interrogation proceeds, a prerequisite to the later admissibility of any statements obtained thereafter is conditioned on the Government's ability to demonstrate that the accused "knowingly and voluntarily waived his or her privilege against self-incrimination and his or her right to retained or appointed counsel." Id. at 475.

7. Any inquiry into the voluntariness of an alleged *Miranda* waiver has two dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  Id. Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. Id.

8. Mr. Jones was clearly in custody when questioned by the law enforcement officers in this case.  Mr. Jones found himself in a "police dominated" environment  that clearly implicated the coercion associated with custodial interrogation. *See Berkemer v. MacCarty*, 468 U.S. 420 (1984).  Any waiver of his rights was the result of intimidation, and not the product of a free and deliberate choice.

9. Mr. Jones is entitled to a hearing regarding the admissibility of any statements, admissions, or confessions attributed to him, in accordance with the provisions of 18

U.S.C. §3501.

WHEREFORE, for the above reasons, and for any other reasons which may appear to the court, Mr. Jones respectfully moves this Court to suppress Mr. Jones's statement.

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Bar Roll 27,936
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry St.
Baltimore, MD 21202
410-444-1500

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on this Motion.

_____/s/_____
Gary E. Proctor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this October 1, 2013, a copy of the foregoing Motion to Suppress Statement was served on counsel of record via ECF.

                                                                                                      /s/_____
                                                                            Gary E. Proctor